IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. BORTZ | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 14-706 |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendant. | ) |

## Opinion and Order

Plaintiff Robert M. Bortz, proceeding pro se, originally commenced this action against Anthony Battle, an employee of the United States Postal Service, by filing a Complaint in the Allegheny County Magisterial District Court on May 9, 2014. In his Complaint, Mr. Bortz alleges that Mr. Battle, his supervisor, took $223.09 from Mr. Bortz's paycheck, which is the amount of damages Mr. Bortz seeks from Defendant.

On June 2, 2014, viewing the Complaint as asserting an intentional tort, the United States removed the case to this Court pursuant to 28 U.S.C. §§ 1442 & 1346(b). On June 4, 2014, we granted the United States Motion for Substitution of Party, and substituted the United States as Defendant for Anthony Battle. Presently before the Court is the Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, with Brief in Support. ECF Nos. 7 & 8. Mr. Bortz responded to the motion on July 8, 2014. ECF No. 10. For the reasons that follow we will grant Defendant's motion and dismiss this action.

### I. Relevant Factual Background

The relevant facts are as follows. Plaintiff Robert M. Bortz is an employee of the United States Postal Service. Mr. Bortz reported off work and requested sick leave on December 7, 2013. His immediate supervisor approved the sick leave. However, Mr. Bortz asserts that Mr.

battle thereafter directed Mr. Bortz's immediate supervisor to reverse the leave, resulting in $223.09 being taken from his pay.

Mr. Bortz filed a Grievance that appears to have been initially decided on December 31, 2013, followed by an appeal on January 10, 2014. Ex. D, attached to Def.'s Br. On May 14, 2014, the grievance was "resolved in the following manner: The 8 hours of LWOP on 12/7/13 will be changed to 8 HRS sick leave. The absence will remain unscheduled." Ex. B, attached to Def.'s Br.

Defendant seeks to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) based on failure to exhaust administrative remedies. Alternatively, Defendants seek dismissal because Mr. Bortz's claim is moot, in light of the fact that Mr. Battle's decision to adjust Mr. Bortz's pay has been reversed and he has been awarded sick leave for the day in question through the grievance process. To the extent Mr. Bortz is asserting other claims Defendant seeks dismissal on the basis that the United States has not waived its sovereign immunity

## II. Standards of Review

With regard to Rule 12(b)(1), the United States Court of Appeals for the Third Circuit has explained that such a motion raises the issue of "'the trial court's jurisdiction--its very power to hear the case.'" Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)). A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack the court may consider evidence outside the pleadings.

Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891 (other internal citations omitted)).

Defendants are asserting a factual challenge. The United States Court of Appeals for the Third Circuit has "explained that in such a circumstance, a trial court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Robinson, 107 F.3d at 1021 (quoting Intern. Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir.1982)). "'[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Robinson, 107 F.3d at 1021 (quoting Mortensen, 549 F.2d at 891).

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009), citing Twombly, 550 U.S. at 555.

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran &

3

Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); *see also* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997). When a Rule 12(b)(6) motion to dismiss contains and relies on matters outside the pleadings, and the court does not exclude these matters, instead it must be treated as a motion for summary judgment. In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir.1999); DeTore v. Local 245, 615 F.2d 980 (3d Cir. 1980) (if a motion involves matters of fact outside the pleadings, then it must be treated as a motion for summary judgment). However, in adjudicating motions to dismiss, courts can consider materials integral to the complaint without converting the motion to one for summary judgment. In re Burlington Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir.1997).

"When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)); *see also* Rogan v. Giant Eagle, Inc., 113 F. Supp.2d 777, 782 (W.D. Pa. 2000). "'Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.'" Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed.Proc., L.Ed. § 62:508). In this regard, the documents attached to Defendant's motion to dismiss are all central to Plaintiff's claim against the United States, consisting as they do of USPS grievance forms completed by either Plaintiff or representatives of the USPS concerning the facts and events at issue.

## III. Discussion

We agree with Defendant that Plaintiff has failed to exhaust his administrative remedies insofar as his Complaint asserts a tort claim for actions taken by Anthony Battle. Section 2675(a) of Title 28 states as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claims shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Mr. Bortz has not submitted any evidence that he has filed an administrative tort claim with the USPS and the USPS has been unable to find any such claim in its records. Declaration of Stanford M. Bjurstrom, ¶¶ 4-6, attached as Ex. C to Def.'s Br. Accordingly, we lack subject matter jurisdiction over Mr. Bortz's claim and will dismiss the Complaint.

We will also dismiss the Complaint for failure to state a claim upon which relief can be granted since the record evidence demonstrates that Mr. Bortz's claim for the $223.09 is moot.

## IV. Conclusion

We note that the original Complaint in the Magisterial District was filed on May 9, 2014, just days before the USPS issued its decision in favor of Mr. Bortz. It is apparent from Mr. Bortz's response, that he remains upset over the manner in which the events occurred. In acknowledgement that a favorable decision has been rendered on his grievance process, Mr. Bortz appears to have adjusted the relief he seeks from this Court. He contends that despite the favorable decision he still has not been paid the $223.09. Therefore he requests that we issue an Order directing the Postal Service to pay Mr. Bortz 8 hours sick leave, and to pay Mr. Bortz

$80.00 for his filing fee. Because we conclude that we lack subject matter jurisdiction over this action we are unable to provide the requested relief and must dismiss the Complaint. In addition, there has been no evidence that the USPS has not returned the withheld pay despite its decision that Mr. Bortz is entitled to reimbursement. In any event, Mr. Bortz has not exhausted his administrative remedies. Accordingly, we will dismiss this action.

Date: August 13, 2014

Maurice B. Cohill, Jr.
Senior United States District Court Judge

## ORDER

AND NOW, to-wit, this 13th day of August 2014, for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss (ECF No. 7) is GRANTED because we lack subject matter jurisdiction.

IT IS FURTHER ORDERED that the claims asserted against the United States are hereby DISMISSED and this action shall be marked CLOSED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Robert M. Bortz, pro se
    463 Koontz Road
    New Alexandria, PA 15670